STATE of Missouri,
Plaintiff-Respondent,

v.

Russell VINCENT, Defendant-Appellant.

No. 40818.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 15, 1979.

Lee, O'Hanlon & Brady, Walter L. Brady, Jr., St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Richard G. Callahan, St. Louis, for plaintiff-respondent.

WEIER, Chief Judge.

## I. *Case Summary*

Defendant Russell Vincent was charged with second degree murder. He appeals from a conviction of manslaughter and a sentence under the Second Offender Act to ten years in the Department of Corrections.

## II. *Facts Pertinent to This Decision*

On October 25, 1977, Vincent became involved in an argument with one Charles Wynn in the Red Rooster Lounge located at 1220 North Vandeventer. Both were directed by the manager to leave and as the defendant left, Charles Wynn followed. One witness observed that Wynn had a knife in his hand. Once outside Wynn pushed the appellant up against a wall at 1212 Vandeventer Avenue. The testimony is conflicting as to whether appellant left the area to get a gun or had a gun in his pocket at that time. Within a few minutes thereafter Vincent approached Wynn at 1212 Vandeventer and fired a shot which struck Wynn. Wynn later died following surgery. Only police officers in the City of St. Louis participated in the investigation. The St. Louis Assistant Medical Examiner performed the autopsy.

## III. *Issue Submitted and Its Determination*

Defendant contends that the trial court erred in denying his motion for directed verdict of acquittal at the close of all the evidence because venue was not established. He points out that the record is barren of any direct testimony that the incident alleged in the information occurred within the boundaries of the City of St. Louis, Missouri.

Although MAI–Cr 2.04 now requires the jury to find the crime occurred in the trial court's jurisdiction, proof of venue may be made by circumstantial evidence. It may be inferred from facts and circumstances which taken together give the jury "of the county" (Art. 1, Sec. 18(a), Missouri Constitution) a factual basis upon which they may find the act, or acts, going to make up the offense had occurred within the boundaries of the "state and district" (Amend. VI, Constitution of the United States) where the prosecution is commenced. *State v. Garrett*, 416 S.W.2d 116, 118[4] (Mo.1967); *State v. Twiggs*, 553

S.W.2d 69, 70[4] (Mo.App.1977); *State v. Rocha,* 526 S.W.2d 834, 837[8, 10] (Mo.App. 1975).

▆ Facts and circumstances that place the venue of this case in the City of St. Louis supported by the authorities hereafter cited are: (1) Investigating officers were police officers of the City of St. Louis. *State v. Valentine,* 506 S.W.2d 406, 410 (Mo. 1974); *State v. Speedy,* 543 S.W.2d 251, 254[3] (Mo.App.1976); *Nelson v. State,* 537 S.W.2d 689, 693[3] (Mo.App.1976). (2) An autopsy was performed on the victim by the Assistant Medical Examiner in the City of St. Louis. *Nelson,* supra at 694. (3) The offense occurred at 1212 North Vandeventer Avenue. The official highway map of the State of Missouri indicates that Vandeventer Avenue is contained entirely within the boundaries of the City of St. Louis, Missouri. Judicial notice is taken of official highway maps, *Garrett,* supra at 119; and geographical facts, *Twiggs,* supra at 70.

▆ Alternatively, when Vincent went to trial in the City of St. Louis, Missouri, on an information which alleged that the offense charged occurred in the City of St. Louis with no challenge to the venue, defendant waived his right to object. *Speedy,* supra at 255.

IV. *Disposition*

The judgment is affirmed.

REINHARD, GUNN and, CRIST, JJ., concur.