STATE of Missouri, Respondent,

v.

John WHITE, Jr., Appellant.

No. 14270.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 30, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Nov. 25, 1986.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

James M. Kelly, Republic, for appellant.

ROBERT LEE CAMPBELL, Special Judge.

Defendant John White, Jr., was convicted of the offense of stealing by deceit in violation of § 570.030, RSMo Cum.Supp.1981. The jury assessed punishment at imprisonment for four years in the Missouri Division of Corrections. Defendant appeals. We must reverse.

Defendant's first point is that the trial court erred in failing to sustain his Motion to Dismiss for Reason of Improper Venue and in overruling defendant's Motion for Judgment of Acquittal filed at the close of all the evidence. Defendant asserts that venue in Wright County was improper in that there was no evidence that any element of the crime with which he was charged occurred within the boundaries of Wright County, nor was there any evidence that the money appropriated was ever brought into Wright County.

Defendant and Bentley Fred "Sonny" Pinley were associated in a used car business known as Universal Motors in Mansfield in Wright County. In September, 1980, defendant brought a 1975 Mercedes automobile to the lot to be sold. Defendant then brought in the title to the car for Pinley to take to Chicago to be sold at an auction, which Pinley did. Defendant reported the car stolen to the Sheriff of Wright County.

Some time in November, 1981, 14 months after the car was sold, defendant reported the Mercedes as stolen to the Transamerica Insurance Group at its office in Springfield in Greene County. Defendant also signed a proof of loss form which he delivered to the office on January 5, 1982. The proof of loss form was not notarized, and defendant took the form back, got it notarized, and returned it to the office on January 13, 1982. At that time, defendant also gave his statement. In the statement, defendant said the car title may have been in the Mercedes at the time of its loss. He made no mention of Pinley and stated he did not know of anyone who may have stolen the car.

The claim was eventually honored, and the $10,300 check used to pay the claim was picked up at the Transamerica Claims Office in Springfield by Richard S. Downer, the insurance agent, who delivered it to the office of defendant's father in Springfield.

Reed McGregor, claims adjuster for Transamerica, testified that he had no conversation or contact with defendant at any place other than his office in Springfield, Missouri, nor did he ever go to Wright County to do any interviewing or investigating. The check used to pay the claim was drawn on the Bank of America of Los Angeles, California, and was deposited in Centerre Bank, Springfield, Missouri. The proceeds were applied to a loan defendant had at that bank.

■ Proper venue in a criminal action is in the County where a crime is committed.

Venue would clearly be in Greene County. The question before the Court is whether venue could also be in Wright County pursuant to § 541.033 RSMo 1978, which provides:

"Persons accused of committing offenses against the laws of this state, except as may be otherwise provided by law, shall be prosecuted:

(1) In the county in which the offense is committed; or

(2) If the offense is committed partly in one county and partly in another, or if the elements of the crime occur in more than one county, then in any of the counties where any element of the offense occurred."

■ Defendant was charged in the Circuit Court of Wright County with the offense of stealing by deceit in violation of § 570.030, RSMo Cum.Supp.1981, which provides:

"A person commits the crime of stealing if he appropriates property ... of another with the purpose to deprive him thereof ... by means of deceit...."

Venue lies in Wright County if any element of the charged offense was committed in Wright County.

■ The State argues that the Mercedes was located in Wright County, defendant signed the title in Wright County, gave the car to Pinley in Wright County with instructions to take it and sell it at an auction, and reported the car stolen to the Sheriff of Wright County. However, these are merely evidentiary facts of defendant's intent *in Greene County* 14 months later when he committed the crime of stealing by deceit. None of the elements of stealing by deceit occurred in Wright County, and there was no venue in Wright County. The Court erred in failing to sustain defendant's Motion to Dismiss for Reason of Improper Venue. See *State v. Hook,* 433 S.W.2d 41, 46–47 (Mo.App.1968).

Defendant also asserts that the information was fatally defective in failing to adequately charge defendant with the commission of a criminal offense. Since we have found that defendant's conviction must be reversed because of improper venue in Wright County, we need not rule on the sufficiency of the information. Those interested in the sufficiency of an information charging stealing by deceit may refer to *State v. Andrysek,* 716 S.W.2d 312 (Mo. App.1986), *State v. Doering,* 708 S.W.2d 792, 794[3, 4] (Mo.App.1986), and *State v. Voyles,* 691 S.W.2d 452, 454[2] (Mo.App. 1985).

Inasmuch as venue did not lie in Wright County, the judgment must be reversed. That determination, however, does not end our task.

In a pretrial hearing on his motion challenging venue, defendant, through his attorney, argued, "... we would ask the Court to dismiss the information on [the] basis [that venue does not lie in Wright County] or, in the alternative, as the Court has the authority to do, transfer it to Greene County where venue is proper."

In regard to defendant's alternative request to transfer the case to Greene County, we note that § 541.120, RSMo 1978, states, in pertinent part:

"When it appears at any time before verdict or judgment that the defendant is prosecuted in a county not having jurisdiction of the offense, the court may order that all the papers and proceedings be certified and transmitted to the proper court of the proper county, and recognize the defendant to appear before such court on the first day of the next term thereof, to await the action of the grand jury...."

We express no opinion on whether that statute, coupled with defendant's pretrial request that the case be transferred to Greene County, vests the trial court with authority, at this stage of the proceeding, to enter such an order. We do, however, believe that the trial court should have an opportunity to consider that course of action. *See: State v. Kurtz,* 221 Mo.App. 114, 294 S.W. 117, 120 (1927). If the trial court declines to enter an order of transfer, the trial court shall order the case dismissed. If that occurs, whether prosecu-

tion could thereafter lawfully be initiated against defendant in Greene County for this same alleged offense is an issue on which we likewise express no opinion.

The judgment is reversed, and the cause is remanded.

PREWITT, C.J., and CROW, J., concur.

DOUGLAS E. LONG, Jr., Special Judge, not participating.