**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Timothy D. MORRISON, Defendant–
Appellant.**

**No. 18619.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 26, 1994.

Motion for Rehearing or Transfer
Denied Feb. 9, 1994.

where Defendant took hold of her left arm so "tightly" that she did not think she could escape from his grip, and pushed her into the truck. At that point, she testified she began to panic, felt that she was in trouble, and thought she had made "a terrible judgment decision." As they left the parking lot, Defendant turned north, rather than going to the Drury Inn (which the complaining witness could see on their left), and drove to a dead end where he turned right and eventually stopped on a gravel road. The complaining witness testified that during the ten to fifteen minute trip she begged Defendant to take her back without hurting her, but that he struck her in the face when she looked around in an effort to determine where they were going. According to her testimony, after Defendant stopped the truck he forced her into multiple sexual acts, which included anal and vaginal penetration.

The county where these events allegedly occurred was not identified by direct evidence. It was alleged in both the complaint and information that the offense was committed in Newton County. Pursuant to Defendant's motion, venue was changed from Newton County to Jasper County where the trial was held.

Dee Wampler, Wampler, Wampler & Catt, Springfield, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GARRISON, Judge.

Appellant (Defendant) was sentenced to twenty years' imprisonment following his conviction by a jury of forcible rape, § 566.-030.2, RSMo Supp.1990. He raises two points on this appeal, to-wit: (1) the State did not prove venue was proper, and (2) the trial court erred in failing to grant a new trial, *sua sponte*, because of a portion of the Prosecutor's closing argument.

### FACTS

On February 29, 1992, the complaining witness was in Joplin, Missouri attending a bowling tournament. That evening she went with friends to the Holiday Inn lounge where she met Defendant and danced several times with him. After attending a pool party with Defendant at the same hotel, the complaining witness testified that she accepted Defendant's offer to take her back to the Drury Inn where she was staying. According to her testimony, they went to the Defendant's pickup truck in the Holiday Inn parking lot,

### POINT I

In his first point, Defendant contends that the trial court erred in failing to grant his motion for judgment of acquittal at the close of the State's case and at the close of all the evidence "because the State failed to prove venue in Newton County, in that there was no evidence on which the jury could reasonably have concluded the crime charged took place in Newton County, Missouri." This point is not well taken. There is no indication in the record before us that Defendant made any objection to venue prior to trial. Having failed to do so, Defendant waived the issue of venue. *State v. Wood,* 596 S.W.2d 394, 401 (Mo. banc), *cert. denied,* 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980); *State v. Thorn,* 851 S.W.2d 601, 607 (Mo.App.1993). Having waived the issue by failing to raise it prior to trial, Defendant's objections to venue contained in his motions for judgment of acquittal at the close of the

State's case and at the close of all the evidence were insufficient and came too late. *Id.* *See also State v. Harper,* 778 S.W.2d 836, 838 (Mo.App.1989).

There is another reason why this point is not well taken. By taking judicial notice of the official highway map of Missouri, *State v. Seaton,* 817 S.W.2d 535, 538 (Mo.App.1991); *State v. Stiles,* 706 S.W.2d 944, 947 (Mo.App.1986), we note that the southern portion of Joplin is dissected by the Jasper and Newton County lines. This, together with the complaining witness's testimony that Defendant tightly held her arm, shoved her in the truck, and struck her as he drove, provides evidence from which it could be found that those events occurred either in Jasper or Newton County. Since force is an element of the crime of rape, the location of its application can establish proper venue. *State v. Seaton,* 817 S.W.2d at 538. Defendant was guaranteed the right to a public trial in the county in which the offense was committed. Mo. Const. art. I, § 18(a); *State v. Seaton, supra.* He voluntarily took a change of venue from Newton County and was ultimately tried in Jasper County. As a result, there was evidence that prosecution of Defendant was either commenced, or he was tried, in the county where an element of the offense occurred.

Point I is denied.

## POINT II

In his second point, Defendant alleges:

The trial court erred in failing to grant a new trial, *sua sponte,* in response to the Prosecutor's argument speculating about Defendant's future crimes in that the argument tended to execute [sic] and inflame juror passion and prejudice depriving Defendant of a fair trial.

Defendant's complaint centers around the following portion of the State's closing argument:

And I want you to think about this; every five minutes, eight more women, in the 40 minutes that we have spoken, their lives have changed. But you know what? You and I are safe, we're lucky, we're here in this courtroom, we're safe. And we ask ourselves, well, every five, could it be a loved one this time around?

[DEFENDANT'S TRIAL COUNSEL]: Objection, Your Honor.

THE COURT: It will be sustained.

[PROSECUTOR]: Could it be someone right here in Joplin, Missouri? And when you ask that question, knowing that man, doesn't it make it a great deal more difficult to answer? And doesn't it make it even more frightful to even ask? Don't put him back on the streets, put him behind bars. Thank you.

Defendant admits that no further objection was made by his attorney[1] and that the matter was not raised in Defendant's motion for new trial. He argues "that the continued speculation of the prosecutor as to possible crimes the defendant might commit constitutes plain error depriving defendant of a fair trial resulting in manifest injustice. Rule 30.20."

This court may, but is not required to, grant a plain error review. In fact, our Supreme Court has suggested that plain error review should be used sparingly. See *State v. McMillin,* 783 S.W.2d 82, 98 (Mo. banc 1990), in which the Supreme Court refused to grant plain error review concerning the State's closing argument where, as in the instant case, error was not preserved by objection at the time of the argument or by inclusion in a motion for new trial.

Even though Rule 30.20[2] permits an appellate court to grant relief for plain errors affecting substantial rights when a manifest injustice or miscarriage of justice has resulted, that relief is rarely granted concerning closing arguments, "for trial strategy looms as an important consideration and such assertions are generally denied without explication." *State v. Wood,* 719 S.W.2d 756, 759 (Mo. banc 1986).

Defendant cites *State v. Raspberry,* 452 S.W.2d 169, 172 (Mo.1970), in which the Pros-

---

1. Defendant's counsel on this appeal was not his counsel at trial.

2. All references to rules are to Missouri Rules of Court, V.A.M.R.

ecutor said in closing argument: "Let us make believers out of these vicious murders. Let's put a stop to it. Not for a feather in my cap; for the sake of your children, and for your wives, and for your families, for the sake of the people of the community," and "I hope you don't put him back on the streets. I hope you give him sixty, or seventy, or eighty or ninety years, so he can't do this again." The trial court sustained objections to those arguments but denied defendant's request for a mistrial. The Supreme Court held that while the arguments were improper, they "were certainly not extreme" and did not require a mistrial, as a matter of law. *Id.* at 173. The argument in the *Raspberry* case was much more direct in its suggestion and personalized in its tone than that in issue here.

Defendant also cites *State v. Heinrich,* 492 S.W.2d 109, 115–116 (Mo.App.1973), where part of the Prosecutor's closing argument contained statements such as: "The consequences of this case are quite vital. Should this man ever be allowed to walk the streets, will he ever be able to walk into society without all of us being afraid"; "[t]his man could hurt someone"; "I'm going to ask you to convict this man and give him thirty years in the penitentiary so that he never again will be allowed to walk the streets and to engage in a life of crime"; and "... there is just some folks you can't let out of the cage. It's as simple as that, and this is one of those persons, because he's going to hurt somebody." That argument which was condemned in the *Heinrich* case, however, is far removed from that complained of in the instant case.

Our Supreme Court in *State v. Hutchinson,* 458 S.W.2d 553 (Mo. banc 1970), quoted with approval the following language from *Homan v. United States,* 279 F.2d 767, 776:

> ... statements made in oral arguments, to constitute reversible error, must have been plainly unwarranted and clearly injurious.

*Id.* at 556. We are unable to say that the argument complained of meets that criteria. Likewise, we are unable to conclude that the argument resulted in a manifest injustice or miscarriage of justice. Accordingly, this point is denied.

Judgment affirmed.

FLANIGAN, P.J., and CROW, J., concur.