**STATE of Missouri, Respondent,**

**v.**

**Rodney HOLMES, Appellant.**

**No. 72501.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 18, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 15, 1998.

Application for Transfer Denied
Nov. 24, 1998.

Gary E. Brotherton, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant appeals after conviction and sentencing on fourteen felonies. Seven of the charges are armed criminal action connected to underlying felonies. Defendant argues trial court error for lack of venue, improper admission of evidence, and improper closing argument. We affirm.

On February 26, 1996, defendant approached C.T. at a gas station located in St. Louis County. Using a knife, he forced her into the passenger seat of her own automobile. He took her keys and sat in the driver's seat. He threatened to shoot her with a gun if she tried to leave. Then, he drove away. In response to his threats and demands, she gave him money and jewelry. He drove to St. Charles County. He demanded more money and C.T. offered him her payroll check. He also committed acts constituting rape and sodomy. Then he drove C.T. to a liquor store in East St. Louis, Illinois. From there, he drove her back across the river to the City of St. Louis. With the continuing and constant threat of the knife, he forced C.T. to cash the payroll check and took the money. Thereafter, also in the City of St. Louis, he committed further acts of rape and sodomy. C.T. eventually escaped while defendant made a stop in Belleville, Illinois. Defendant was convicted and sentenced in St. Louis County, Missouri. Defendant does not contest that this summary of the evidence was sufficient to support submission of all of the charged crimes including, kidnapping, two counts of robbery

first degree, two counts of rape, two counts of sodomy and seven counts of armed criminal action.

■ Defendant first argues the court erred in not dismissing Counts V through XIV because the counts alleged crimes that occurred in either St. Charles County, Missouri, or the City of St. Louis, Missouri. His legal position is, the only available venue for trial of the St. Charles and City of St. Louis cases would be where the crimes were completed, rather than St. Louis County. Venue is proper in any county where at least one element of an offense is committed. Section 541.033(2) RSMo 1994; *State v. White*, 720 S.W.2d 27, 29 (Mo.App. S.D.1986).

■ We review an issue of venue on the basis of whether the jury could reasonably infer from the facts and circumstances that any element of the crime with which the defendant is charged occurred within the trial court's jurisdiction. *State v. Seaton*, 817 S.W.2d 535, 538 (Mo.App.1991). The holding in *Seaton* supports the trial court's decision to reject defendant's motions to dismiss crimes that were completed in St. Charles County and the City of St. Louis. The Southern District of this court held that because force is an element of the crime of rape, the location of its application can establish proper venue. *State v. Morrison*, 869 S.W.2d 813, 815 (Mo.App. S.D.1994). Although the events comprising all of the criminal charges began in St. Louis County, Missouri, the events constituted a continuing and uninterrupted series of criminal acts which began with the forcible kidnapping in St. Louis County and ended some hours later when C.T. escaped. Point denied.

■ In his second point, defendant argues the trial court abused it discretion in admitting, over objection, the testimony of a Belleville, Illinois, police officer and a Polaroid photograph of defendant. The particular testimony of the officer to which defendant objected was a statement that he is a "gang crime specialist, working with gang crimes and drug interdiction." The police officer testified he responded to a call at 12:30 a.m. on February 27, 1996, made contact with defendant, and took a Polaroid photograph of defendant during the contact. Defendant argues this testimony and the photograph prejudiced the jury by suggesting defendant was being investigated for uncharged crimes shortly after commission of the charged crimes.

■ The state supported the offer of this evidence on the basis that it served to corroborate the victim's account of the incident. *State v. Simmons*, 955 S.W.2d 729, 738 (Mo. banc 1997) *cert. denied*, —— U.S. ——, 118 S.Ct. 1081, 140 L.Ed.2d 138 (1998). For that reason and others discussed below, we find no error. The evidence also supported a finding of defendant's identity, particularly, because the photograph depicted defendant wearing a garment identified by C.T. in her testimony. *State v. Tivis*, 933 S.W.2d 843, 847 (Mo.App. W.D.1996). Finally, the identification of the officer's current duties as a gang crime specialist who worked with gang crimes and drug interdiction was offered in a case where the testimony of C.T. related a statement of defendant that he was a "junkie" and that his need of stolen money was for the acquisition of drugs. Defendant also testified regarding his prior drug-related activities. A defendant cannot be prejudiced by admission of objectionable evidence if he offers similar evidence. *State v. Osterloh*, 773 S.W.2d 213, 217 (Mo.App.1989)(quoting *State v. Schwendt*, 645 S.W.2d 385, 387 (Mo.App. 1983)).

■ In the third and final point, defendant argues the trial court erred during the state's closing argument. He contends the state's closing argument inflamed the passion and prejudice of the jury by personalizing its arguments and implying special knowledge of matters not in evidence. First, defendant contends the court abused its discretion in overruling its objection to the state's personalization that an acquittal would tell future victims that they must resist to the point of being killed.

The argument which is the subject of this claim of error was:

[State]: Whether [C.T.] could or couldn't have gotten away, it's not for us to question. She was doing what she thought she should do under the circumstances to live through the night. And that's what she did.

Are we going to start to demand of our victims, no, don't take this guy seriously

until he slashed your throat, then you can take him seriously. What do we tell our family members?

[The court overruled a personalizing the jury objection]

[State]: We tell someone, don't resist. If someone approached you with a knife or a gun, or whatever, give them what they want so you can survive. Are we going to start telling the victims of this world that we're not going to take you seriously when you come to court because you didn't make him slash your throat before you did what he wanted you to do?

■ Personalization arguments are improper if they include an implication that an acquittal would cause personal danger for the juror or the juror's family. *State v. Basile*, 942 S.W.2d 342, 352 (Mo. banc 1997) *cert. denied,* — U.S. ——, 118 S.Ct. 213, 139 L.Ed.2d 148 (1997). The argument in question did not implicate any personal threat to a juror or the family of a juror. The context of the argument was a reply to an argument of the defense that asked why C.T. did not try to get away at some point before she did escape. The quoted part of the argument was subordinate to an earlier statement in the rebuttal argument that C.T. "was doing whatever she thought she should under the circumstance to survive." In context, the argument was warranted. The court did not abuse its discretion in controlling the closing argument. *State v. Thomas*, 780 S.W.2d 128, 135 (Mo.App.1989).

■ Second, defendant contends the trial court plainly erred in allowing the state to bolster the testimony of C.T. by implying special knowledge of facts regarding C.T.'s life and character. This argument refers to the following a statement of the state:

[State]: There is no reason for you to believe anything that [defendant] said. And there is every reason for you to believe what [C.T.] told you. She has no reason to lie. And there is nothing about her life or her character that would lead you folks to believe that she would concoct a story of false rape and sodomy.

If you're going to believe the words of this convicted felon over [C.T.], then I say it's all over, I give up....

Defendant did not object to this argument. He relies on the contention that trial courts must act, even *sua sponte*, to insure that a defendant receives a fair trial. His authority is *State v. Roberts*, 838 S.W.2d 126, 131 (Mo. App. E.D.1992). We find no plain error. The argument is no more than an appeal to credibility of the testimony of C.T. and the lack of credibility of defendant. *State v. Weathersby*, 935 S.W.2d 76, 78 (Mo.App. W.D.1996). Moreover, there is no clear implication from the argument that the state had private knowledge or information regarding C.T. The unobjected argument does not establish substantial grounds for believing that manifest injustice or a miscarriage of justice has resulted. This argument would have no merit as preserved error. Accordingly, we hold that there is no basis for plain error review. *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc 1995) *cert. denied,* 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995).

We affirm.

ROBERT G. DOWD, Jr., C.J. and PUDLOWSKI, J., concur.