STATE of Missouri, Respondent,

v.

Reynaldo T. CASTILLEJA, Appellant.

No. ED 87363.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 9, 2007.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Kennedy, Assistant Attorney General, Jefferson City, MO, for Respondents.

Reynaldo T. Castilleja, Saint Louis, MO, pro se.

## OPINION

GLENN A. NORTON, Presiding Judge.

Reynaldo Castilleja appeals the judgment entered on his convictions for two counts of criminal nonsupport under section 568.040 RSMo 2000. As to the judgment on Count I, we reverse. As to the judgment on Count II, the appeal is dismissed.

## I. BACKGROUND

Originally, the State charged Castilleja by information with one count of criminal nonsupport occurring between August 1, 2002 and July 30, 2003 at 1830 Carr in St. Louis County. The State requested leave to amend the information to reflect that the offense occurred at 10320 Barron Drive in St. Louis County. Castilleja filed a motion to dismiss for improper venue, claiming that neither he nor the child lived in St. Louis County during the relevant time. The trial court denied that motion. The State then filed a second amended information, which alleged that the offense occurred at 8455 Atherton Drive and at 10320 Barron Drive in St. Louis County. Ultimately, the State filed an indictment charging Castilleja as a persistent offender with two counts of criminal nonsupport: Count I was alleged to have occurred between January 1, 2002 and December 31, 2002 at 8455 Atherton Drive and at 10320 Barron Drive in St. Louis County, and Count II was alleged to have occurred between January 1, 2003 and December 31, 2003 at 1830 Carr in St. Louis County. Castilleja moved to quash the indictment on various grounds, including improper venue. That motion was denied.

Before trial, the State's motion *in limine* to exclude evidence that Castilleja did not reside in St. Louis County during the relevant period was granted. The State had argued that Castilleja's residence was not a defense and would at best support transferring venue to the proper county. The parties also stipulated to the admission of several exhibits before trial began, including the petition for child custody and visitation that Castilleja had filed in February of 2002. Therein, he asserted that all parties had been residents of St. Louis County during the six months preceding the filing of that petition, which

would have included at least one month of the time period for which Castilleja was charged with criminal nonsupport in Count I. Although there was testimony at trial about various parts of that petition, the paragraph in which Castilleja asserted that he lived in St. Louis County was never addressed. Nor was the exhibit displayed, published or otherwise shown to the jury. At the conclusion of the State's case—which was comprised of the mother's and the investigating officer's testimony—Castilleja moved for judgment of acquittal, claiming that there was insufficient evidence that the crimes occurred in St. Louis County. That motion was denied. Castilleja and his sister testified that he lived with his girlfriend, although they did not say where or during what time period. This was the only evidence before the jury regarding Castilleja's residence. There was no evidence regarding the residence of the child.

■ The jury entered verdicts of guilty on both counts. Castilleja was sentenced as a persistent offender to seven years imprisonment on Count I, although execution of that sentence was suspended. Imposition of sentence on Count II was suspended. Castilleja appeals. Because imposition of sentence on Count II was suspended, the judgment on that count is not final and may not be appealed. *See State v. Palm*, 158 S.W.3d 861 (Mo.App. E.D.2005). The appeal as to Count II is dismissed.

## II. DISCUSSION

■ Castilleja claims that there was insufficient evidence to prove that venue was proper in St. Louis County. We agree.

■ Although not an integral part of the offense, venue must be proven in a criminal case. *State v. Seaton*, 817 S.W.2d 535, 538 (Mo.App. E.D.1991). Venue need not be proven beyond a reasonable doubt

or by direct evidence; rather, it may be inferred from all the evidence. *Id.* "The standard for review of an issue of venue is whether the jury could reasonably infer from the facts and circumstances that the crime with which the defendant is charged occurred within the trial court's jurisdiction." *Id.* For the charge of criminal nonsupport, venue is proper where the child or the defendant resided:

> Persons accused of committing the offense of nonsupport of the child shall be prosecuted:
>
> (1) In any county in which the child resided during the period of time for which the defendant is charged; or
>
> (2) In any county in which the defendant resided during the period of time for which the defendant is charged.

Section 568.040.6.

Here, there was no evidence before the jury from which it could have inferred that Castilleja or the child resided in St. Louis County during the relevant time period. There was no evidence regarding the child's residence, and the only evidence *before the jury* regarding Castilleja's residence was testimony that he lived somewhere with his girlfriend. The State relies, in part, on Castilleja's petition for custody as proof that he lived in St. Louis County. But that exhibit was never shown to the jury, nor did any witness testify before the jury about the portion of that petition in which Castilleja asserted that he lived in St. Louis County. The jury cannot have drawn any inference from evidence that it did not see or hear. The State also points to Castilleja's testimony that he owned the property at 10320 Barron Drive and had listed it as an asset in his petition for custody. It is not, however, reasonable to infer from Castilleja's mere ownership of that property that he lived there—especially in light of his testi-

mony that the property was condemned and, although he had planned to rehab it and move in, he never did. The State also relies on Castilleja's admission in an offer of proof that he gave 10320 Barron Drive as his address to the *guardian ad litem.* But an offer of proof is, of course, not evidence.

Because there was insufficient evidence that venue was proper in St. Louis County, the judgment on Count I must be reversed.

### III. CONCLUSION

The appeal as to the judgment on Count II is dismissed. The judgment on Count I is reversed.

LAWRENCE E. MOONEY and KENNETH M. ROMINES, JJ., concur.