David ATKINS, Appellant,

v.

STATE of Missouri, Respondent.

No. 45511.

Missouri Court of Appeals, Eastern District, Division Three.

April 26, 1983.

Mark D. Sadow, Clayton, for appellant.

James Sullivan, Asst. Circuit Atty., George A. Peach, Circuit Atty., St. Louis, John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

STATE of Missouri, Respondent,

v.

Jerome McCLOUD, Appellant.

No. 45643.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 26, 1983.

CRIST, Judge.

Movant appeals from an adverse judgment on his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted of second degree murder in 1971. His conviction was affirmed in *State v. Atkins,* 494 S.W.2d 317 (Mo.1973).

Movant asserts error in his original trial because a witness gave hearsay testimony which was alleged to be more than mere trial error. He believes this hearsay was so blatant so as to constitute a constitutional defect resulting in plain error.

Movant complained about this same testimony on direct appeal. Detective Dowd testified at the original trial that three eyewitnesses identified movant in a line-up. Two of those named persons testified, but the third did not. The third person was only mentioned once. On direct appeal, movant alleged this was hearsay, but the Supreme Court refused to grant relief because no objection was made at trial.

Movant argues the mention of the third person who identified him but did not testify, violated his constitutional right to confront witnesses. While it is true that hearsay testimony, by its very nature, violates a litigant's right to confront a declarant, *State v. Harris,* 620 S.W.2d 349 (Mo. banc 1981), the hearsay violation in this case does not rise above the level of mere trial error and as such is not reviewable in a 27.26 motion. *Williams v. State,* 530 S.W.2d 740, 742 (Mo.App.1975).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.