**STATE of Missouri,
Plaintiff-Respondent,**

v.

**David STIDUM, Defendant-Appellant.**

**No. 48042.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 27, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 9, 1985.

Application to Transfer Denied
Feb. 26, 1985.

David C. Hemenway, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant-appellant was jury convicted of murder in the second degree in violation of § 565.004, RSMo.1978. The jury assessed punishment at thirty years imprisonment and the court sentenced accordingly.

The victim, James Hall, died under anesthesia during surgical procedures necessitated by multiple gunshot wounds he suffered on May 29, 1983. Police were summoned to a motor vehicle at 5:30 in the evening and when they arrived spoke with Mr. Hall. Defendant's pre-trial motion to suppress challenged the testimony of the three police officers with regard to statements made by James Hall identifying defendant as his assailant on the grounds of hearsay. However, at trial the testimony of the witnesses, three police officers and the attending physician, on this issue of identification was given without objection and was the subject matter of cross-examination by appellant.

The new trial motion alleged that this testimony was hearsay. On the day of trial but before the trial began the court heard testimony on defendant's motion to suppress the testimony as hearsay and

ruled that the identification statements would be admitted as res gestae or excited utterance statements, recognized exceptions to the hearsay rule. See *State v. White,* 621 S.W.2d 287, 294–295 (Mo.1981) for a discussion of the rule, res gestae and excited utterance exceptions, their distinction and constitutional support. Although it appears that the identification statements of the victim were neither res gestae nor excited utterance statements we find this point not preserved for review.

■ The general rule is that inadmissible hearsay which goes in the record without objection may be considered by the jury. *State v. Thomas,* 440 S.W.2d 467, 470 (Mo.1969). When defendant raises no objection during trial and cross-examines witnesses there is no preserved error in the admission of the testimony. *State v. Howard,* 564 S.W.2d 71, 74 (Mo.App.1978). Where, as here, a motion to suppress evidence is denied and the evidence subsequently offered at trial defendant must then object to the admission of the evidence with a proper statement of reasons for the objection in order to preserve it for appellate review. *State v. Howard,* 564 S.W.2d at 74.

■ In the present case police officers Adkins, Cranz and Drury and Dr. Lui all testified without objection that the victim identified appellant as his assailant. The same testimony was given on cross-examination by the three officers and the doctor. We find that the point is not preserved and is not plain error under Rule 30.20.

Appellant's second contention of error relates to the refusal of the trial court to remove a venirewoman from the jury panel for cause where she indicated a friendship with a police officer of the City of St. Louis.

■ We find no error in the court's denial of appellant's challenge of venirewoman Akers. We have consistently upheld the proposition that an accused in a criminal case must be afforded a full panel of qualified jurors before he is required to use his peremptory challenges. *State v.*

*Land,* 478 S.W.2d 290, 292 (Mo.1972). This tenet was recognized and its constitutional basis discussed in *State v. Thompson,* 541 S.W.2d 16, 17 (Mo.App.1976). Application of this rule of law cannot and should not be standardized. Accordingly, the decision whether to discharge a venireman for cause is within the broad discretion of the trial court, each case must be judged on the particular facts of the case and this court reviews for an abuse of discretion. *State v. Land,* 478 S.W.2d at 292. The responses of a venireman must be viewed in their entirety in determining whether prejudice or bias exists which will prevent him from being an impartial juror and hence deny either party a fair trial. *State v. Dickerson,* 588 S.W.2d 190, 192–193 (Mo.App. 1979). Venirewoman Akers acknowledged friendship with a city police officer who she may see several times a month. There had been conversations about police work in general but no specifics were involved. She had formed no opinions or conclusions and had no ideas that might keep her from being a fair juror. She opined that she could evaluate a police officer's testimony in the same fashion as any other witness and apply the same standards. She would neither assume that a police officer was telling the truth or that he was lying but would tend to feel that he would tell the truth. The facts distinguish this case from *State v. Draper,* 675 S.W.2d 863 (Mo. banc 1984) where a reversal was required due to a juror's inability to fairly evaluate the testimony. On this record we find no clear abuse of discretion or real probability of injury to the defendant. Point denied. *State v. Smith,* 649 S.W.2d 417, 422–24 (Mo. banc 1983).

Judgment affirmed.

PUDLOWSKI, P.J., and GAERTNER, J., concur.