**Allen F. VAN ORMAN,**
**Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 13946.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 30, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 18, 1986.

Holly G. Simons, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Jennifer H. Fisher, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

Movant appeals from a denial of his motion under Rule 27.26, seeking to vacate a conviction of sodomy for which he was sentenced to life imprisonment. The conviction was affirmed in *State v. Van Orman*, 642 S.W.2d 636 (Mo.1982). Following an evidentiary hearing on movant's motion, the trial court made findings of fact, conclusions of law, and denied the motion.

In his first point movant contends that his conviction should have been vacated because at the criminal trial he was denied the opportunity to impeach one of the state's witnesses "through the use of juvenile court records." Respondent asserts that is "trial error" which cannot be raised by a Rule 27.26 motion. See *Atkins v. State*, 652 S.W.2d 234, 235 (Mo.App.1983). We bypass deciding if this is a claim of "trial error" as even if it can now be raised, no merit to this point was established.

Movant relies primarily upon *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). However, this situation is not within the rule there stated which allows the use of juvenile court records. Our supreme court in *State v. Russell*, 625 S.W.2d 138, 141 (Mo. banc 1981) summarized the effect of the *Davis* case in Missouri:

> Suffice to say *Davis v. Alaska* holds that the right of confrontation overrides public policy such as that of Missouri under § 211.271, RSMo 1978. This right permits proof of the bias which could result from the juvenile witness's motive to lie because he is a suspect and subject to control of the juvenile authorities. It does not hold that a state court must permit the general credibility of a juve-

nile to be attacked by a record of juvenile adjudication or unrestrained cross-examination concerning such adjudication or acts of misconduct.

Cross-examination which constitutes only a general attack on the credibility of a witness is not permitted if it involves juvenile records. *State v. Bennett*, 635 S.W.2d 39, 42 (Mo.App.1982).

█ It was never indicated at the criminal trial or at the hearing on movant's motion that these records would show any bias or ulterior motive of the witness. It appears that the use of this information was to make a general attack on the credibility of the witness. At the criminal trial, movant's counsel said only that he sought to use the juvenile proceedings "to impeach his [witness's] testimony." At the hearing on movant's motion, his counsel sought to introduce the juvenile records because "the jurors were entitled to know what kind of person the witness against the defendant was." * Point one is denied.

█ Movant contends in his second point that he was entitled to have his conviction vacated because he was denied his right of effective assistance of counsel at the criminal trial. He contends that his trial counsel failed to investigate the charges, which resulted in favorable witnesses not being called to testify, failed to ask questions which could have elicited favorable information, failed to preserve certain contentions for appellate review, and failed to object to conduct of the prosecuting attorney in cross-examining movant.

"To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Tatum v. State*, 693 S.W.2d 903, 904 (Mo.App.1985).

---

* Movant's counsel on this appeal did not represent movant at the criminal trial or appeal, or at the hearing on movant's Rule 27.26 motion.

We have examined this record which includes the transcript of movant's criminal trial and it is apparent that movant received effective assistance of counsel at the criminal trial. Even if movant's trial counsel had proceeded as movant now says he should have, and if proceeding in that manner would have aided movant's defense as movant contends, it is highly unlikely, in view of the state's evidence, that the outcome of the trial would have changed. Point two is denied.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.