**David STIDUM, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 52156.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 21, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 27, 1987.

Application to Transfer Denied
Oct. 13, 1987.

Timothy J. Walk, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Defendant was convicted of murder in the second degree pursuant to RSMo § 565.004 (1978) for which he was sentenced to life imprisonment. That judgment was affirmed. *State v. Stidum,* 684 S.W.2d 448 (Mo.App., E.D.1984). Defendant appeals from a denial of a Rule 27.26 motion to vacate judgment and sentence. We affirm.

█ In his first point, defendant argues that the trial court erred in dismissing his Rule 27.26 motion in that his trial counsel failed to properly object to hearsay testimony. Three police officers and the victim's treating physician testified that the victim identified defendant as his assailant. Defense counsel elicited the same testimony on cross-examination.

This issue was presented by defendant on direct appeal. The point was found not preserved for review and not in plain error under Rule 30.20. *State v. Stidum,* 684 S.W.2d 448, 450 (Mo.App., E.D.1984). Because the alleged error did not rise above the level of mere trial error, this point is not reviewable in a 27.26 motion. Rule 27.26. *Atkins v. State,* 652 S.W.2d 234, 235 (Mo.App., E.D.1983). This point denied.

█ Defendant's second point alleges that the trial court erred in dismissing his Rule 27.26 motion because his trial attorney, John Putzel, failed to contact a potential alibi witness. Mr. Putzel testified at defendant's hearing on this motion that he

was in contact with defendant and defendant's family from March, 1983, until October, 1983, regarding all potential alibi witnesses who might have seen defendant playing basketball at the time of the murder. Putzel testified that on three days, he attempted to contact potential alibi witnesses,[1] getting in touch with all except David Thomas. Defendant failed to supply the address and phone number of David Thomas. At defendant's hearing on this motion, Thomas testified but the court found his testimony not to be credible. It is a defendant's burden in a Rule 27.26 motion to prove the witness could have been located through reasonable investigation, the witness would have testified if called, and the testimony would have provided a viable defense. *Hogshooter v. State,* 681 S.W.2d 20, 21 (Mo.App., S.D.1984). Defendant failed to meet his burden at the Rule 27.26 motion hearing. This point is denied.

The judgment is affirmed.

STEPHAN and SIMON, JJ., concur.

---

1. None of the other potential alibi witnesses could verify defendant's whereabouts at time of murder.