**STATE of Missouri, Plaintiff–Respondent,**

v.

**Kenneth Lee HARPER, Defendant–Appellant.**

**No. 15589.**

Missouri Court of Appeals, Southern District, Division One.

Sept. 14, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 5, 1989.

Application to Transfer Denied Nov. 14, 1989.

Melinda K. Pendergraph, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOLSTEIN, Chief Judge.

Defendant Kenneth Lee Harper was convicted of two counts of sexual abuse in the first degree, a class D felony. § 566.100.[1] The trial court found him to be a prior offender. § 558.016.2. He was sentenced to concurrent terms of three and one-half years on each count. § 558.011.1(4). Defendant raises three points on appeal.

■ In the first point defendant claims the state failed to prove venue on one count. The state proved two acts of sexual abuse occurred in 1986 against a ten-year old female victim. One act took place in the woods near the home where the victim and defendant resided in Greene County. The other happened while defendant and the victim were swimming in the James River. That river flows from Webster County, through Greene and Christian Counties, and terminates in Stone County.[2]

---

1. References to statutes are to RSMo 1986.

2. This information is extracted from the official highway map of Missouri. Appellate courts may take judicial notice of the official highway map of the State of Missouri on questions of venue. *State v. Stiles,* 706 S.W.2d 944, 947 (Mo. App.1986).

No specific evidence was presented identifying the county in which the James River incident occurred. Defendant admitted going swimming with the victim in the James River during the summer of 1986. The places they swam were "Pecker's Beach," "Creighton Park," and locations near Nixa.

■ The state argues that review of the issue of venue may be avoided under the "concurrent sentence doctrine." That doctrine provides that where there is a multicount conviction resulting in concurrent sentences, an appellate court has discretion to decline review if a ruling in the appellant's favor would not reduce the penalty. *State v. Davis*, 624 S.W.2d 72, 77 (Mo.App. 1981). The preferable course is to dispose of the issue on its merits. For that reason the question of venue will be addressed.

■ Venue is not an integral part of the offense and thus need not be proved beyond a reasonable doubt; it may be inferred from all the evidence. *State v. Lingar*, 726 S.W.2d 728, 732 (Mo. banc), *cert. denied*, 484 U.S. 872, 108 S.Ct. 206, 98 L.Ed.2d 157 (1987). Greene County officers investigated the offense. The defendant and the victim resided in the same family home in rural Greene County with a Rogersville address. Rogersville is in Webster County, but is located very near the southeast corner of Greene County. The James River crosses the southeast part of Greene County. From the southeast corner of Greene County, the nearest roads shown on the official state map which touch or cross the James River are in Greene County. On this evidence the state argues it is reasonable to infer that the James River incident occurred in Greene County. But we need not rely on such tenuous inferences to establish venue in this case.

■ Even if the evidence is inadequate, venue is a personal prerogative which is waived by proceeding to trial without objection. *State v. Wood*, 596 S.W.2d 394, 401 (Mo. banc), *cert. denied*, 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980).

An objection to venue made for the first time at the close of all the evidence is not timely. *State v. Vincent*, 582 S.W.2d 723, 725 (Mo.App.1979). Similarly, a motion made at the close of the state's case comes too late. The information charged that the offense occurred in Greene County. The record indicates defendant had access to the victim's statement and other discovery in advance of trial. If any question existed regarding the venue, he had a duty to raise it by motion prior to trial. Rule 24.04. The brief and record do not suggest any excuse for defendant's failure to raise the issue of venue by a pretrial motion. The unexplained failure to raise the issue by motion prior to trial waives any complaint regarding venue. The first point is denied.

■ The second point relied on claims that *State v. Quisenberry*, 639 S.W.2d 579 (Mo. banc 1982), prohibits a sentence for any term other than "whole years," and the sentences of three and one-half years on each count are in error. No objection was made before the trial court, and our review is limited to whether the sentence is plain error. Rule 29.12(b).[3]

Three and one-half years' imprisonment on each count of sexual abuse in the first degree is within the five-year maximum punishment authorized by law for a class D felony. § 558.011.1(4). There is no claim that the trial court took improper factors into consideration in assessing punishment. The error, if any, in imposing the three and one-half year sentences did not result in manifest injustice or miscarriage of justice.

The final point is that the trial court erred in allowing a witness to relate an out-of-court statement of the victim that while swimming, Kenny Harper had pulled the bottom of the victim's swimming trunks down and touched her "on her bottom." No objection was made when the testimony was offered, and no complaint of the evidence appears in the motion for new trial. Nevertheless, the final point argues the out-of-court statement was inadmissible because (1) there was no hearing outside the jury's presence under § 491.075.1(1)

---

3.  Rule references are to Missouri Rules of Court      (20th ed. 1989).

showing sufficient indicia of reliability to justify admission of the statement, (2) the testimony amounted to improper bolstering of the victim's testimony, and (3) § 491.075 violates defendant's constitutional rights to confront witnesses against him, due process, and equal protection of the law. Defendant admits the only basis of review is discretionary review for plain error. Rule 29.12(b).

 Where no objection is made, the admission of hearsay evidence is not plain error. *State v. Stidum,* 684 S.W.2d 448, 450 (Mo.App.1984). Failure to hold a hearing provided for in § 491.075.1(1) to determine if an out-of-court statement is supported by sufficient indicia of reliability is not plain error. *State v. Fogle,* 743 S.W.2d 468, 470 (Mo.App.1987). Absent a proper objection, the admission of evidence which may have the effect of "bolstering" the testimony of a child victim is not plain error. *State v. Wright,* 751 S.W.2d 48, 53 (Mo. banc 1988); *State v. Potter,* 747 S.W.2d 300, 303 (Mo.App.1988).

Defendant's claim that § 491.075 violates his constitutional rights to confrontation of his accusers, due process, and equal protection of the law is also meritless. Those questions were squarely addressed in *State v. Wright, supra.* The supreme court of this state found the statute to be constitutional. *Id.* at 52–53.

Defendant acknowledges the holding in *Wright* but claims that *Coy v. Iowa,* 487 U.S. ——, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), has some impact in this case. The United States Supreme Court held that permitting a screen to be placed between an accused and a child victim during the child's testimony was a denial of the accused's right to confront witnesses against him. *Coy,* 487 U.S. at ——, 108 S.Ct. at 2803, 101 L.Ed.2d at 867. *Coy* did not address the circumstances under which out-of-court statements are inadmissible. Also, it did not suggest that a defendant has no duty to object when an out-of-court statement is offered in order to preserve the question for appellate review. *Coy* is not

in point, and the claim is without merit. Accordingly, the judgment is affirmed.

CROW, P.J., and GREENE, J., concur.