**STATE of Missouri, Plaintiff–Respondent,**

v.

**Joseph BOGUE, Defendant–Appellant.**

**Joseph BOGUE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 54296, 56673.**

Missouri Court of Appeals, Eastern District, Northern Division.

May 1, 1990.

Janet M. Thompson, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is a consolidated direct appeal and appeal from the denial of defendant's Rule 29.15 motion stemming from his conviction for one count of forcible rape and two counts of first degree burglary. We affirm.

The sufficiency of the evidence to support defendant's conviction is not in dispute. We therefore view the evidence in the light most favorable to the verdict. On July 22, 1986, Timothy Fuqua was painting

the inside of his home in Marion County, just west of Hannibal. He stopped painting at 1:00 a.m. on July 23rd and went to sleep in one of the bedrooms.

When Fuqua awoke at 6:00 a.m., he noticed the bedroom door was closed during the night. When he opened the door he found his living room light turned on. Fuqua found some of his boxer shorts lying on the floor in the middle of the room. He also discovered most of his clothes were missing from his closet, and two hunting knives were missing. He then went to another bedroom and found the window had been opened and its screen cut. He called the Marion County Sheriff's Department.

Dale Belshe of the Missouri Highway patrol investigated the burglary. He found entry to the house was gained through a window on the north side. The screen had been cut and there were footprints on the wall beneath the window.

Early that same morning, a related event occurred. At 4:10 a.m., victim awoke when her daughter got into bed with her. She felt a foot kick her. She rolled over and saw defendant. She recognized him because they had met previously. Defendant got on top of her and held a knife to her throat while putting a pair of men's boxer shorts over her head. He was naked. Victim asked where her daughter was and defendant told her she was in her room and was fine. Defendant then had vaginal and anal intercourse with her. Before leaving, he told her not to tell anyone about the occurrence. He then told her if she did tell the police, he had friends that would make her pay.

After defendant left, victim called her mother and told her of the occurrence. Victim told her mother to call the sheriff. After the sheriff's deputies arrived she gave them a description of defendant. She stated he had a moustache, and his name was Joe. The deputies found a high school yearbook out of which victim identified defendant.

Victim went to St. Elizabeth Hospital emergency room. A doctor had to use a speculum to remove an impacted tampon from her vagina. Victim's vulva was swollen and there was a fissure in the skin in the perianal area. These findings were consistent with the history of sexual assault to the rectum and rape.

On that same day defendant was arrested in Quincy, Illinois. Although defendant had no facial hair, the condition of the bathroom of the residence in which he was found indicated to the sheriff defendant had just shaved off his moustache. Defendant's fingerprints were also taken. They matched the prints taken at Tim Fuqua's residence.

On October 3, 1986, defendant failed to appear at his arraignment. The FBI located him on June 3, 1987 in the City of St. Charles. He was arrested.

Defendant testified at trial he had sex with victim but implied it was consentual. He admitted he broke into Fuqua's house and stole clothes and knives. He admitted he shaved off his mustache shortly before his initial arrest. He also stated he told the officers upon his initial arrest that the last time he had sex was three days earlier with a girl friend from Fall Creek.

Sheriff Campbell testified that defendant, at the time of arrest, said he did not know victim or know where she lived. Additional facts will be provided as needed.

The first point defendant raises on appeal asserts the trial court erred in failing to grant his motion for continuance in order to obtain the presence of a material witness. He alleges this denied him the right to a fair trial because the witness could have impeached victim's testimony.

The trial court has broad discretion with respect to granting continuances and we will not reverse unless there is an abuse of that discretion. *Darr v. State*, 723 S.W.2d 455, 457 (Mo.App.1987); *See also State v. Alexander*, 675 S.W.2d 431, 432 (Mo.App.1984). "An appellant must make a very strong showing that the trial court abused its discretion in denying the continuance and that prejudice resulted from such denial." *State v. Oliver*, 775 S.W.2d 308, 312 (Mo.App.1989).

■ Rule 24.10(a) states, in relevant part, an application for a continuance must show the "facts showing the materiality of the evidence sought to be obtained and due diligence on the part of the applicant to obtain such witness or testimony." In this case defendant sought to obtain the presence at the trial of Dan Hastings, alleging his testimony would be the victim contacted him on July 24, 1986, after the crime, while attempting to contact defendant. This singular fact fails to show that Hastings' testimony is material. We also find the record shows defendant failed to prove he used due diligence in attempting to obtain Hastings' testimony. He also failed to state facts showing reasonable grounds for belief that Hastings' testimony would be procured within a reasonable time. *See* Rule 24.10(b). Given these deficiencies we find no abuse of discretion by the trial court in its refusal to grant a continuance. Point denied.

■ Defendant's second point on appeal alleges the trial court erred by not intervening in the state's opening statement and closing argument when the prosecutor allegedly caused irreparable harm to defendant's case by injecting fear into the juror's minds. Defendant did not object at trial and therefore is seeking plain error review. This court has previously held that relief should rarely be granted in these matters because trial strategy plays an important role and the failure to object could be part of this strategy in order to "set the stage for built in error." *State v. Brass*, 781 S.W.2d 565, 567 (Mo.App.1989). The trial court is allowed broad discretion in controlling the scope of opening statement. *State v. Murray*, 744 S.W.2d 762 (Mo. banc 1988), *cert. denied* — U.S. —, 109 S.Ct. 181, 102 L.Ed.2d 150 (1988). It has this same discretion in controlling closing argument. *Brass, supra.* Upon review we find no sound, substantial showing of manifest injustice requiring reversal. *See State v. Wood*, 719 S.W.2d 756, 759 (Mo banc 1986). Any further discussion would serve no precedential purpose. Point denied.

Defendant's final point on appeal asserts the motion court clearly erred in denying his Rule 29.15 motion, alleging ineffective assistance of counsel, after an evidentiary hearing. He bases this allegation on the fact his trial counsel did not move to quash the jury panel after defendant's sister heard some of the jurors talking about what "might" have been her brother's case.

■ Our review of a denial of a Rule 29.15 motion is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Jones v. State*, 771 S.W.2d 349, 351 (Mo.App.1989); Rule 29.15(j). Such findings and conclusions are deemed clearly erroneous if after a review of the entire record, we are left with a definite and firm impression a mistake has been made. *Abrams v. State*, 698 S.W.2d 15, 17 (Mo. App.1985).

■ At the hearing trial counsel testified defendant's sister did not tell him anything to indicate that any of the jurors had formed an opinion or had prior knowledge of the case. Counsel questioned the prospective jurors during voir dire as to whether they had any prior knowledge of the case and they all denied it. He felt there was no need to do anything further. Upon review of the record, we are in complete agreement with motion court's findings and find no error. Defendant's point is simply devoid of merit.

Judgment affirmed.

CRANDALL and KAROHL, JJ., concur.