**STATE of Missouri, Respondent,**

v.

**Raymond Lee MORROW, Jr., Appellant.**

**No. WD 42381.**

Missouri Court of Appeals, Western District.

May 29, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 3, 1990.

Application to Transfer Denied Sept. 11, 1990.

David S. Durbin, Appellate Defender, Anthony C. Cardarella, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P.J., and CLARK and BERREY, JJ.

BERREY, Judge.

The appellant was convicted by a jury of attempted rape and the jury assessed his punishment at two and one-half (2½) years imprisonment. Inasmuch as appellant chose not to furnish the court with a statement of facts we rely upon those facts[1] presented by respondent.

M.N.M., a thirteen year old, was living in an apartment with her mother and stepfather. She arrived home from school about 3:45 on November 21, 1988, and began doing her homework. After completing it, she was looking out the window when her stepfather, the defendant-appellant, grabbed her around the waist and dragged her to a bedroom. Defendant pulled off M.N.M.'s pants and underwear, pulled down his pants to the ankles and attempted to have intercourse with her. About this time a loud knock was heard at the bedroom door.

Defendant continued his efforts to complete the forcible intercourse. M.N.M. heard a key in the door and the door opened. The appellant jumped up, pulled up his pants and ran into the bathroom. Upon this set of facts the jury convicted the defendant of attempted rape. Defendant does not complain of the sufficiency of the evidence.

■ In his single point relied on, defendant claims the trial court erred in overruling his objection to the imposition of execution of a "fractional" sentence because the authorized term of imprisonment is for a "term of years."

The defendant offered an objection to the sentence at the time the court imposed it and in this respect this case differs from *State v. Harper*, 778 S.W.2d 836 (Mo.App. 1989), because the defendant there did not object and the matter was reviewed as plain error. In *Harper*, the defendant had been given two concurrent sentences of three and one-half (3½) years apiece. The court in *Harper* held "[t]hree and one-half years' imprisonment on each count of sexual abuse in the first degree is within the five-year maximum punishment authorized for a class D felony. § 558.011.1(4)." *Id.* at 838. In the instant case the authorized imprisonment for a class C felony is for "a term of years not to exceed seven years." § 558.011.1(3), RSMo 1986.

The appellant relies on *State v. Quisenberry*, 639 S.W.2d 579 (Mo. banc 1982), as being supportive of his theory. Such is not the case. The appellant is correct that the court said that "[a]lthough a literal reading might support this interpretation, the statutory context convinces us 'term of years' means a term of whole years and not less than one." *Id.* at 587. The court proceeded to address the legislative purpose of § 558.011:

When a minimum sentence of more than one year is intended in other parts of § 558.011, RSMo Cum.Supp.1981, the sentence is described in terms of a minimum and maximum number of years. The authorized term of imprisonment for a class A felony is "a term of years not less than ten years and not to exceed thirty years, or life imprisonment. § 558.011.1(1). The authorized term of imprisonment of a class B felony is "a term of years not less than five years and not to exceed fifteen years." Section 558.011.1(2). If the legislature had meant for class C felonies to carry a minimum sentence of two years, it logically would have continued the pattern established in class A and B felonies and specified "a term of years not less than two years and not to exceed seven years." Failure to do so, we think, evidences a legislative intent to set the minimum sentence at less than two years.

*Id.* at 588.

■ The jury could have sentenced appellant on a class C felony to "a term of

---

1. Apparently because the only challenge is to the length of sentence.

years of not to exceed seven years." § 558.011.1(3), RSMo 1986. The sentence given in the case, two and one-half (2½) years is within the terms of the statute. Appellant's sole point on appeal does not specifically raise the issue of the applicable pattern verdict form, however in his argument he complains that the applicable pattern verdict form prohibits this type of sentence. MAI–CR3d 304.40. It cannot be said, however, that the form prohibits assessing punishment as the jury did in the instant case.

The court in *Quisenberry* directs us to resolve any ambiguities in favor of "maximum discretion in the jury." *Id.* at 588. At best, the question before us is ambiguous as *Quisenberry* dealt with minimum terms of imprisonment and not directly with the question before this court. Resolving the issue in favor of the jury verdict, we find that the sentence imposed was proper. Accordingly, appellant's point is ruled against him and the conviction and sentence are affirmed.

All concur.