**STATE of Missouri, Respondent,**

v.

**Clodis YARBER, Appellant.**

**Clodis YARBER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 58171.

Missouri Court of Appeals,
Eastern District,
Division One.

March 3, 1992.

Ilene A. Goodman, St. Louis, Melinda Kay Pendergraph, Columbia, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

In this consolidated appeal, appellant, Clodis Yarber, appeals his jury conviction in the Circuit Court of the City of St. Louis of selling cocaine in violation of RSMo § 195.211 (1986), for which he was sentenced to six and one-half years in prison. Appellant also appeals the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm.

On August 30, 1989, Detective Richie Williams of the St. Louis Police Department was working undercover as part of the department's Street Corner Apprehension Team (SCAT). While standing on the corner of Harris and Carter Streets, Williams was approached by a man named Aundra Murray. Although Murray and Williams were strangers to each other, Murray believed Williams to be in the market to purchase crack cocaine, and told Williams that he knew where Williams could get some.

Murray then led Williams to a nearby house where appellant was sitting on the front steps. Murray directed Williams to stand back while Murray approached appellant and asked him for a "quarter," the size of crack cocaine rock that is sold for twenty-five dollars. Appellant then went into the house and reemerged with several off-white colored chunks, one of which Murray took and handed to Williams. After he received the rock from Murray, Williams handed Murray a twenty dollar bill and a five dollar bill, both of which had been previously photocopied. Murray kept the five dollar bill and handed the twenty dollar bill to appellant.

While these events transpired, Williams was wearing a concealed transmitter that allowed a nearby but hidden police surveillance vehicle to hear and record Williams' conversation. Acting on Detective Williams' prearranged signal, a police arrest team responded and arrested Williams, Murray and appellant.

The arresting officers had with them photocopies of the bills used to buy the crack, which they matched with the bills recovered from Murray and appellant. The photocopies had been made prior to the undercover operation to aid the arresting officers in identifying the drug dealers. The actual bills were reused in subsequent undercover operations and were eventually lost. When the prosecution attempted to introduce the photocopies into evidence at trial, appellant objected on best evidence grounds. The court overruled the objection.

After the arrest, Williams sent the rock he had bought to the lab for testing. The rock was determined to be cocaine. At the police station, Williams identified Murray and appellant as the two who had sold him the crack cocaine. On February 2, 1990, the jury returned its verdict, finding appellant guilty of the crime charged and assessing punishment at six and one-half years. The court imposed sentence according to the jury's recommendation.

On July 18, 1990, appellant timely filed a Rule 29.15 motion. In his motion, appellant alleged ineffective assistance of counsel because his attorney failed to interview and investigate any of the State's endorsed witnesses. On February 4, 1991, the court granted respondent's motion to dismiss without an evidentiary hearing. The next day, February 5, 1991, the court set aside

its order dismissing appellant's motion. On February 28, 1991, the court entered its findings of fact and conclusions of law denying appellant relief without a hearing. This appeal followed.

Appellant's first point on direct appeal concerns a best evidence objection to evidence introduced by the State. The prosecution offered the photocopies of the bills used to purchase the cocaine into evidence. Appellant objected on best evidence grounds and the objection was overruled by the trial judge. This court has confronted and completely discounted appellant's reasoning on this very issue in *State v. Jordan*, 751 S.W.2d 68, 77 (Mo.App., E.D. 1988).

In *Jordan*, the appellant was accused of murder, assault and armed criminal action. The jury returned a verdict of guilty, and appellant appealed. Two of appellant's points on appeal concerned a best evidence objection to photocopies of money allegedly taken from appellant by the police. This court rejected appellant's arguments using several approaches which we hereby re-adopt and apply to the case at bar.

 The obvious purpose of the best evidence rule is to prevent fraud and the likelihood of mistake when proving the terms or contents of a writing. *Jordan*, 751 S.W.2d at 76. However, when the terms and conditions of a writing are not in issue, application of the rule serves no purpose. Therefore, the rule does not apply. *Id.; State v. Holland*, 781 S.W.2d 808, 811 (Mo.App., E.D.1989). In the case before us, the terms of the "writings", i.e. the photocopies of the bills, were never disputed. In fact, the only "contents" of the bills which could even possibly be in dispute—their serial numbers—were never mentioned during the trial. The State's argument here is persuasive in that the serial numbers were never truly an issue. At issue was the out-of-court identification of appellant as a drug dealer by the arresting officers. The photocopied bills were admitted, not for the truth of what they depicted, but as demonstrative evidence of

what the police did and how they did it. *State v. Cameron*, 604 S.W.2d 653, 660 (Mo.App., E.D.1980). The photocopies pertain to the weight of the identification testimony. Therefore, they were properly considered by the jury. *Id.*

We also note that "application of the best evidence rule is not required ... where two witnesses are testifying to facts which are also contained in a writing." *Jordan*, 751 S.W.2d at 77. In *Jordan*, a police officer and a lay witness testified that the photocopies seized from the defendant fairly and accurately depicted the actual bills which were seized. Because a fact to be proven (whether the defendant stole the money) existed independently of a writing (the photocopies of the money), and there was also some evidence of the fact in the writing (the denominations of the money in the photocopy), both sources, oral and written, became primary evidence, and the best evidence rule was not applicable. *Id.*

The general thrust of appellant's argument is that the court should have insisted on production of the money the police actually used, rather than permitting the introduction of photocopies and oral testimony regarding the bills. Again, this court considered and rejected this very same contention in *Jordan*.

> We do not think the man who testifies that he found a horse must produce the horse before the jury before his testimony will be received.

*Jordan*, 751 S.W.2d at 77, citing *Dixon v. State*, 2 S.W.2d 272, 273 (Tex.App.1928). The same reasoning applies in the instant situation. The best evidence rule simply does not apply to the instant case. Point denied.

 Appellant next alleges error because his sentence, six and one-half years, is not a term of whole years as mandated by RSMo § 558.011.4 (Supp.1990), and construed by *State v. Quisenberry*, 639 S.W.2d 579, 587–88 (Mo. banc 1982). Appellant claims the imposition of half a year violates his right to due process of law.[1]

---

1. Although appellant's point is completely without merit, we are inclined to wonder whether appellant's sentence would be rounded down to six years or up to seven.

Both the Southern and Western Districts have addressed this issue. *State v. Harper*, 778 S.W.2d 836 (Mo.App., S.D.1989); *State v. Morrow*, 793 S.W.2d 410 (Mo.App., W.D.1990). We need not delve deeply into the facts of either case; we merely note for the record that points similar to the one at bar were rejected by both courts. *Harper*, 778 S.W.2d at 838; *Morrow*, 793 S.W.2d at 411–12.

A close reading of the Court's reasoning in *Quisenberry* is all that is needed to resolve this issue. The Court was not addressing the instant issue when it stated "a 'term of years' means a term of whole years and not less than one." *Id.* at 587. The Court was discussing whether a sentence of less than one year constituted a "term of years." The Court never discussed the instant issue in its opinion.

Because *Quisenberry* is not on point, we note appellant's sentence is properly between the minimum and maximum permitted sentences according to RSMo § 558.011.1(2) (Supp.1990). We, therefore, affirm appellant's sentence of six and one-half years. Point denied.

Appellant next appeals the denial of his Rule 29.15 motion. Appellate review of such a motion is confined to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(j). *State v. Bogue*, 788 S.W.2d 772, 775 (Mo.App., E.D.1990). The motion court's findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Id.*

For a movant to be entitled to an evidentiary hearing, the motion must state facts, not conclusions, that warrant relief, the facts stated must be unrefuted by the record, and the facts complained of must have resulted in prejudice to movant. *Ducept v. State*, 772 S.W.2d 7, 9 (Mo.App., E.D.1989).

We find the allegations in appellant's motion conclusory. Appellant asserts because trial counsel was allegedly ill-prepared for the State's testimony, appellant was prejudiced. He fails, however, to state any information which could have improved his case or aided his position. Because appellant was not prejudiced, as far as we can determine from the record, we affirm the denial of his Rule 29.15 motion without an evidentiary hearing.

REINHARD, P.J., and CRANE, J., concur.