STATE of Missouri, Respondent,

v.

Connie HARRIS, Appellant.

Connie HARRIS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60761, 63129.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 19, 1993.

Henry B. Robertson, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant was jury tried as a prior offender on charges of murder first degree, § 565.-020 RSMo 1986, and armed criminal action, § 571.015 RSMo 1986. The state did not seek the death penalty. The defendant was sentenced as a prior offender, § 558.016 RSMo Cum.Supp.1992. After guilty verdicts for murder second degree and armed criminal action, the court imposed consecutive sentences of thirty and fifteen years. The trial court denied Rule 29.15 relief after an evidentiary hearing.

Defendant did not brief any issues regarding the trial in her direct appeal. The convictions and sentences are affirmed. Rule 30.20. *State v. Kendrick,* 606 S.W.2d 643, 644 (Mo.1980); *State v. Borders,* 844 S.W.2d 49, 53–54 (Mo.App.W.D.1992).

■ The only point on appeal is a claim trial counsel was ineffective for failing to investigate a battered spouse syndrome defense and failing to call two of defendant's daughters as witnesses for that defense. Counsel and defendant discussed the prospect of using the defense. Counsel testified he investigated the defense. The investigation included a review by counsel of an interview with the daughters and their possible testimony. If we were to strictly construe the point on appeal, the testimony of trial counsel at the motion hearing and the absence of testimony by either of the proposed witnesses would suffice to affirm denial of post conviction relief. The defense was investigated and defendant has not proven the witnesses would have supported defendant's theory. *See State v. Davis,* 814 S.W.2d 593, 603–604 (Mo. banc 1991) *cert. denied,* —— U.S. ——, 112 S.Ct. 911, 116 L.Ed.2d 812 (1992) (referring to defense counsel's failure to call expert witnesses).

If we construe the claim of error broadly, as a claim it was ineffective assistance of counsel not to employ the defense, defendant's claim of error fails.

■ There is a presumption counsel's acts or omissions were sound trial strategy. *State v. Stepter,* 794 S.W.2d 649, 656 (Mo. banc 1990). "Strategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). Where there is a reasonable basis to support a decision as a matter of trial strategy, the decision will not provide a basis for ineffective assistance of counsel.

We find a strong factual basis to support the decision of counsel. The major concern for the defense was a mandatory penalty of life without parole in the event the jury found the defendant guilty of the charged crime of murder first degree. In light of this problem, counsel's strategy not to employ the defense was a plausible option.

At the evidentiary hearing on defendant's motion, counsel summarized his reasons for not adopting the defense. "[B]ased on what [defendant] had told me, based on what I knew about the defense, and based on the evidence in the case, especially her statement, I felt as if it wouldn't be in her best interest to use that defense at trial." We conclude counsel's decision was more than plausible, it was sound and wise.

Defendant was proven guilty of both charged crimes. The proof included a recorded statement given by defendant within hours after she shot Jerome Watkins five times with a rifle in the home which they shared. Defendant claimed to be an alcoholic and to have consumed intoxicating beverages heavily on the day of the shooting. The evidence at trial was that at the time she gave the statement she was not intoxicated. The statement included a denial that Jerome Watkins ever hit her. At the motion hearing, counsel testified defendant told him of one instance when she fought with Watkins, but she could not remember the time or date. It was some months before the day of the shooting. For years she had been separated, but not divorced, from an abusive husband. She and her three daughters lived with Watkins for seven or more years after the separation.

In this context, we consider counsel's reasons for not employing the battered spouse syndrome defense. First, defendant's statement denying any prior assaults by Watkins would be in evidence and conflict with the foundation fact of a history of abuse. Defendant's statement to counsel regarding one prior incident was insufficient to support the defense.

Second, defendant's daughters were interviewed before counsel rejected use of the defense. They did not testify in support of defendant's motion. Hence, there is no proof that their testimony would have supported the defense and there is an inference it would not have.

Third, the defense may be viewed as a concession that the shooting was intentional, but justified. This strategy would negate the chosen defense that the shooting was not premeditated, hence, not first degree murder. The chosen defense was successful. The jury found defendant not guilty of the charged crime of murder first degree.

Fourth, defense counsel testified he had studied the defense and his experience supported a belief that the defense is "difficult to sell."

These considerations fully support counsel's strategic decision not to employ the battered spouse syndrome defense. The finding and ruling of the motion court, that trial counsel was not ineffective, is fully supported and not clearly erroneous. *State v. Yarber*, 829 S.W.2d 479, 482 (Mo.App.1992).

We affirm the convictions and sentences on the charges of murder second degree and armed criminal action. We affirm the ruling denying Rule 29.15 relief.

CRANE, P.J., and CRAHAN, J., concur.