**STATE of Missouri, Respondent,**

v.

**Ray B. BROWN, Appellant.**

**Nos. WD 49260, WD 50305.**

Missouri Court of Appeals,
Western District.

Nov. 7, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1995.

Application to Transfer Denied
Jan. 23, 1996.

Jarrett Aiken Johnson, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and BRECKENRIDGE and SMART, JJ.

SPINDEN, Presiding Judge.

A jury found that Ray Brown, three times between December 1992 and July 1993, sodomized two boys who were under the age of 14. In this appeal, Brown accuses the circuit court of five points of error. In his first three points, he charges the circuit court with plain error in admitting evidence of other crimes or misconduct committed by Brown, in allowing the hearsay testimony of a doctor and the mother of one of the victims, and in failing, *sua sponte,* to declare a mistrial because of the state's closing argument. In his fourth point, Brown argues that the circuit court's overruling his Rule 29.15 motion without an evidentiary hearing was error because the record established that his trial attorney was ineffective. In his last point, Brown contends that the circuit court's not issuing specific findings of fact and conclusions of law on all issues presented in his Rule 29.15 motion was error. We find no merit in his contentions and affirm the judgments of conviction and the denial of his Rule 29.15 motion.

Brown contends that the circuit court's allowing evidence of other crimes was plain error. The testimony of which he complains established that Brown (1) possibly sodomized a third child but was not charged for it, (2) bought toys for the victims and showed them pornographic materials, and (3) committed numerous additional, uncharged acts of sodomy against the same victims. Brown recognizes that because he did not object to any of this testimony at trial, our review is limited to plain error review pursuant to Rule 30.20.

"[U]nless a claim of plain error facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted,' this Court will decline to exercise its discretion to review for plain error under Rule 30.20." *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc 1995) (quoting Rule 30.20). We decline to review

for plain error in light of § 566.025, RSMo 1994, which says:

> In prosecutions under chapter 566 or 568 involving a victim under fourteen years of age, whether or not age is an element of the crime for which the defendant is on trial, evidence that the defendant has committed other charged or uncharged crimes involving victims under fourteen years of age shall be admissible for the purpose of showing the propensity of the defendant to commit the crime or crimes with which he is charged, provided that such evidence involves acts that occurred within ten years before or after the act or acts for which the defendant is being tried.

Although § 566.025 did not become effective until January 1, 1995, if we remanded the case for a new trial because of erroneous admission of evidence of other crimes and misconduct, § 566.025 would apply in the new trial.

■ Section 566.025 does not increase Brown's punishment, alter the elements of the offenses, or eliminate any previously-recognized defenses. It is not, therefore, an *ex post facto* law. *State v. Dean,* 898 S.W.2d 704, 707 (Mo.App.1995); *Collins v. Youngblood,* 497 U.S. 37, 42, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990). Section 566.025 merely changes the rules of evidence without changing the elements of the crime or authorizing conviction on less or different proof. Hence, the statute would be applicable to Brown's case upon retrial.

■ All of the evidence of other crimes or misconduct of which Brown complains were related to the cause on trial; thus, we do not see any violation of Brown's rights to be tried for the offense for which he is charged. *See State v. Bernard,* 849 S.W.2d 10, 13 (Mo. banc 1993); *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304, 307 (Mo. banc 1954). Because the evidence would be admissible upon retrial under § 566.025, we do not discern substantial grounds for believing that manifest injustice has resulted.

Next, Brown contends that the circuit court's allowing the hearsay testimony of a doctor who treated the two victims and of the mother of one of the victims was plain error. These witnesses testified about out-of-court statements made by the two victims and by a woman identified only as "Kathy." Brown asserts that the circuit court's failure to conduct an evidentiary hearing pursuant to § 491.075, RSMo 1994, before admitting the testimony of the doctor regarding the statements made by the victims, was plain error. He also complains that the victims' and Kathy's statements made to the doctor and the mother were hearsay and did not fall within any exception and that they did not demonstrate sufficient indicia of reliability. Brown contends that the statements failed to provide a sound basis to rebut the presumption that such statements are inadmissible, based on the circumstances surrounding the making of the statements. Again, Brown recognizes that he did not object to the testimony at trial and that our review is limited to plain error review.

■ Hearsay evidence offered without objection is not plain error. *State v. Harper,* 778 S.W.2d 836, 839 (Mo.App.1989); *State v. Stidum,* 684 S.W.2d 448, 450 (Mo.App.1984). Nor is the failure to hold a hearing pursuant to § 491.075 to determine if an out-of-court statement is supported by sufficient indicia of reliability plain error. *Harper,* 778 S.W.2d at 839; *State v. Fogle,* 743 S.W.2d 468, 470 (Mo.App.1987). "Absent a proper objection, the admission of evidence which may have the effect of 'bolstering' the testimony of a child victim is not plain error." *Harper,* 778 S.W.2d at 839. Hence, Brown's contentions are without merit.

■ Brown's third claim is that the circuit court's failure to declare, *sua sponte,* a mistrial because of the prosecutor's closing argument, or, in the alternative, not instructing the jury to disregard the prosecutor's remarks was plain error. The Supreme Court of Missouri has instructed that relief should be granted on an assertion of plain error as to matters contained in closing argument only under extraordinary circumstances. *State v. Silvey,* 894 S.W.2d 662, 670 (Mo. banc 1995). In *State v. Clemmons,* 753 S.W.2d 901, 907–08 (Mo. banc), *cert. denied,* 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988), the Supreme Court said, "A court should rarely grant relief on assertions of plain error as to closing argument.... This is because, in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with sum-

mation and a corresponding increase of error by such intervention." "Errors committed during closing argument do not justify relief under the plain error standard unless they are determined to have had a decisive effect on the jury." *State v. Clifford*, 815 S.W.2d 3, 8 (Mo.App.1991). We do not discern such circumstances in Brown's case and decline plain error review.

In his fourth point, Brown complains that the circuit court erred by denying his Rule 29.15 motion without an evidentiary hearing. Brown asserts that he established five separate grounds of ineffective assistance of counsel: His attorney (1) did not request a hearing pursuant to § 491.075 concerning the testimony of the doctor who treated the victims; (2) did not object to the doctor's testimony concerning statements made to him by the victims; (3) failure to object to the testimony of one of the victims' mother concerning statements made to her by Kathy during a telephone conversation; (4) did not object to evidence of other crimes and misconduct, and (5) did not object to the prosecutor's improper closing argument.

All of these matters were raised in Brown's direct appeal; however, we declined earlier to review these claims of error as plain error. Although we decline to review a matter as plain error, "[w]e will ... consider related claims of ineffective assistance of counsel for failure to preserve the alleged trial error under the test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *Brown*, 902 S.W.2d at 284. The *Strickland* test requires that the movant establish that his or her attorney's overall performance fell short of established acceptable levels of performance and that he was prejudiced by it.

After a careful review, we conclude that Brown's counsel was not ineffective. We have reviewed Brown's arguments and find no reasonable probability that he was prejudiced by his counsel's failure to object to the alleged errors. An analysis of each alleged error would serve no precedential value.[1] Hence, Brown's point is denied.

In his last point, Brown asserts that the circuit court erred in failing to issue specific findings of fact and conclusions of law on all the issues presented in his Rule 29.15 motion. Brown contends that the circuit court did not address his claim that his trial counsel was ineffective for not objecting to evidence of other crimes and misconduct.

Although Brown is correct that the circuit court failed to address this issue in its judgment, we conclude that he was not prejudiced by his attorney's failure to object to this evidence. Remanding the case to the circuit court to make findings of fact and conclusions of law would be meaningless and unnecessary. *Gilliland v. State*, 882 S.W.2d 322, 326 (Mo.App.1994). Brown's point is without merit.

We affirm the judgments of conviction and the circuit court's denial of Brown's Rule 29.15 motion.

All concur.

1. See *Brown*, 902 S.W.2d at 300, in which the Missouri Supreme Court summarily reviewed and rejected certain arguments made by the movant in a Rule 29.15 motion in which no objections were made at trial to the alleged error and to which the movant claimed motion court error based on ineffective assistance of counsel.