decision has been provided solely for the use of the parties.

**STATE of Missouri, Respondent,**

v.

**Shannon DOUGLAS, Appellant.**

Nos. WD 49688, WD 51376.

Missouri Court of Appeals,
Western District.

Submitted Feb. 28, 1996.

March 19, 1996.

---

1. Respondent school district's motion to supplement the record and to dismiss the appeal is herein denied.

Emmett D. Queener, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson City, for respondent.

Before HANNA, P.J., and SMART and ELLIS, JJ.

SMART, Judge.

Shannon Douglas appeals from his conviction for abuse of a child, § 568.060, RSMo 1994 [1], for which he was sentenced as a persistent offender to six years imprisonment. Douglas also appeals from the denial of his Rule 29.15 motion for post-conviction relief. In his direct appeal, Douglas contends that the trial court erred: (1) in overruling his motion in limine and in admitting evidence of prior beatings administered by Douglas; and (2) in granting the State's motion in limine and in excluding evidence that the victim's mother had not been charged with abuse of a child for similar beatings. In his appeal

---

**1.** All sectional references are to Missouri Revised Statutes 1994, unless otherwise indicated.

from the denial of his Rule 29.15 motion for post-conviction relief, Douglas contends that the motion court erred in denying the motion in that it failed to determine whether Douglas had been provided with effective assistance of motion counsel. The judgment of the trial court is affirmed. The order of the motion court is affirmed.

In May, 1993, Shannon Douglas was living in Kansas City with his wife, Sandra, and his two stepchildren, Sophia and Duane Jones. On May 6, 1993, Sophia, who was then twelve years old, was talking on the telephone with a boy. When her stepfather inquired about the conversation, Sophia "didn't tell the whole truth." As a punishment, Douglas gave her a "whuppin" with an extension cord. Douglas started beating Sophia on her legs and on her buttocks. He then told Sophia to go into her brother's room, get up under the bunk bed and put her head under the mattress so that only her buttocks were sticking out. Once again Douglas beat her with an extension cord. Sophia could not keep still so Douglas tied her legs to the bottom of the bed with another extension cord. Sophia slipped out of the restraints and fell to the floor. Douglas then picked her up and slammed her head against the wall. He also kicked her. The beating left a visible scar on her back.

At trial, Sophia testified about other instances where she had been physically disciplined by her stepfather. While the family was living in Minneapolis, Minnesota, Sophia was punished for lifting her shirt up at a friend's house. Sophia was told to take off her clothes. She was then tied to a bed, face down and spread-eagle, and beaten with a switch. Sophia had also been beaten with an extension cord on a previous occasion when she was punished for having let the stew bubble over. Douglas testified that he had punished Sophia on May 6, 1993, but denied slamming her head into the wall or kicking her. The jury found Douglas guilty and the trial court sentenced Douglas as a persistent offender to six years imprisonment.

On November 2, 1994, Douglas filed a *pro se* motion under Rule 29.15 seeking to set aside his conviction. Appointed counsel filed a pleading captioned, "Affidavit and Notice of Counsel's Intent Not to Amend Motion, and Request for Evidentiary Hearing" which read:

> COMES NOW affiant, Irene Karns, appointed counsel of record for Shannon Douglas, having reviewed the Court's file, the trial transcript in the underlying criminal case (CR93–3841FX), and this postconviction file, and having also spoken with movant regarding any additional claims and facts known to him, and thereafter advising movant of his options in the post-conviction case and the consequences thereof, counsel informs the Court that she is not aware of any additional meritorious or colorable claims or facts to submit in amendment to movant's *pro se* motion as contemplated by Rule 29.15, and therefore intends to stand on the motion filed in this Court on November 2, 1994. Movant affirmatively states that his *pro se* motion alleges facts, not refuted by the record in the underlying criminal case, which entitle him to relief under Rule 29.15, and respectfully requests a hearing on the motion with findings of fact and conclusions of law deciding the issues presented.

The motion court dismissed Douglas' Rule 29.15 motion for failure to allege matters cognizable under the Rule.

### *Evidence of Uncharged Crimes*

In Point I, Douglas contends that the trial court erred in overruling his motion to exclude evidence as to other "whuppins" given Sophia by Douglas and in admitting such evidence at trial. Sophia testified that when the family was living in Minneapolis, Minnesota, she was punished for lifting her shirt up at a friend's house. She was told to take off her clothes, was tied to a bed, face down and spread-eagle, and beaten with a switch. Sophia had also been beaten with an extension cord for having let the stew bubble over.

▉ Evidence of uncharged crimes or other misconduct is admissible only if it is highly relevant to a legitimate issue in the case. The probative value of the evidence must outweigh the prejudicial effect. *State v. Bernard*, 849 S.W.2d 10, 13 (Mo. banc 1993). Appellate review concerning the admission of such evidence is done pursuant to

an abuse of discretion standard. *State v. Chambers*, 891 S.W.2d 93, 104 (Mo. banc 1994). Evidence of other crimes or bad acts committed by a defendant is not admissible if offered for the purpose of showing that the defendant is a person of bad character, and therefore a person with a propensity to commit criminal acts. *State v. Harris*, 870 S.W.2d 798, 810 (Mo. banc 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994).

▮ There are several instances in which evidence of bad acts are commonly considered to be of such a degree of relevance as to outweigh the prejudicial effect. These are instances when the issue on which the evidence is offered relates to: (1) motive; (2) intent; (3) absence of mistake or accident; (4) common scheme or plan; (5) identity; and (6) signature/modus operandi/corroboration. *Bernard*, 849 S.W.2d at 13–18. In the instant case, the State contends that the evidence in question falls into several of these categories. We agree. Douglas' defense was that the "whuppin" he had administered to Sophia was reasonable and a part of the process of administering discipline worked out by the family as a last resort when other methods of punishment failed. The other instances of punishment described by Sophia tend to rebut this defense. Douglas punished Sophia for not watching the stew, and for lifting her shirt, without any intermediate disciplinary steps being taken. These prior beatings were of sufficient force to leave scars. Such incidents tend to undermine the notion that Douglas was careful to exercise discipline in a conscientiously prepared plan, with graduated steps appropriate to the severity of the infraction. In any event, Douglas' appeal of this point is futile in view of the recent enactment of Section 566.025. *State v. Brown*, 912 S.W.2d 643, 644–45 (Mo.App.1995). In *Brown*, the appellant asked for plain error review of the circuit court's admission of other crimes evidence at his trial. *Id.* at 644. In refusing to perform such review, we stated:

> We decline to review for plain error in light of § 566.025, RSMo 1994, which says:
>
>> In prosecutions under chapter 566 or 568 involving a victim under fourteen

years of age, whether or not age is an element of the crime for which the defendant is on trial, evidence that the defendant has committed other charged or uncharged crimes involving victims under fourteen years of age shall be admissible for the purpose of showing the propensity of the defendant to commit the crime or crimes with which he is charged, provided that such evidence involves acts that occurred within ten years before or after the act or acts for which the defendant is being tried.

> Although § 566.025 did not become effective until January 1, 1995, if we remanded the case for a new trial because of the erroneous admission of evidence of other crimes and misconduct, § 566.025 would apply in the new trial.

*Id.* at 645. Section 566.025 is not an *ex post facto* law because it involves a change in the rule of evidence, but does not change the elements of the offense or the punishment for the offense. *Id.* Point I is denied.

### Exclusion of Evidence

In Point II, Douglas argues that the trial court erred in excluding evidence that the victim's mother had not been charged with abuse of a child for similar beatings. The court, in response to the prosecution's motion, prohibited mention by the defense of the fact that charges had not been filed against Sandra Douglas, the victim's mother. Douglas claims that the exclusion of such evidence limited his right to present a defense. Douglas argues "[t]hat the State elected not to charge Sandra with abuse of a child for the same type of discipline was a relevant consideration for the jury when determining, at the State's invitation, whether the acts by Shannon constituted a crime or were reasonable discipline." We disagree.

▮ Disposition of another's case is entirely irrelevant to the substantive issue of a defendant's guilt or innocence. *State v. Carter*, 847 S.W.2d 941, 947 (Mo.App.1993). It seems that a moment of reflection would reveal to the logical mind that this is not only a universally respected rule of jurisprudence, but a practical necessity as well. While fairness represents an important value, the con-

cept of justice does not require identity of treatment among offenders. The prosecution generally does not have to account for differences in the treatment of accused persons, except, perhaps, at election time; and any judicial system which elects to require such an accounting will have taken a major step toward undermining the concept of mercy. The state's decision not to charge Sandra Douglas has no logical tendency to prove that Douglas' actions were reasonable because the factors which go into such a prosecutorial decision are many and varied. Moreover, the fact that the prosecutor chose not to charge Sandra Douglas does not mean the prosecutor was in doubt as to whether to charge Mr. Douglas. If we thought the prosecution decision were, for some reason, worth the jury's consideration, we would be obligated to allow the prosecution to explain the decision, which would be likely to inject into the case all kinds of otherwise inadmissible evidence. Such a procedure would cause a defendant, in many cases, to be sorry the issue was raised in the first place. Therefore, the trial court did not err in excluding mention of the fact that Sandra Douglas was not charged. Of course, there is nothing which prohibits a sentencing court from taking such matters into consideration to the extent the court deems them pertinent, but the trial court did not err in excluding this evidence in a trial on the merits. The argument is entirely without merit, and nothing more need be said. Point II is denied.

### Post–Conviction Appeal

■ Douglas contends that the motion court clearly erred in dismissing his Rule 29.15 motion without ensuring that motion counsel fully complied with the mandates of Rule 29.15 because motion counsel abandoned him by failing to file an amended motion. He cites *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991), for the proposition that where there appears to be abandonment by motion counsel, the motion court must make a record to determine whether counsel's conduct constitutes abandonment. In the instant case, however, there is no appearance of abandonment. Douglas' counsel followed the dictates of *Luleff* and made her decision not to file an amended motion a

matter of record. *See Luleff*, 807 S.W.2d at 498. Counsel's "Affidavit and Notice of Counsel's Intent Not to Amend Motion, and Request for Evidentiary Hearing" read:

COMES NOW affiant, Irene Karns, appointed counsel of record for Shannon Douglas, having reviewed the Court's file, the trial transcript in the underlying criminal case (CR93–3841FX), and this postconviction file, and having also spoken with movant regarding any additional claims and facts known to him, and thereafter advising movant of his options in the post-conviction case and the consequences thereof, counsel informs the Court that she is not aware of any additional meritorious or colorable claims or facts to submit in amendment to movant's *pro se* motion as contemplated by Rule 29.15, and therefore intends to stand on the motion filed in this Court on November 2, 1994. Movant affirmatively states that his *pro se* motion alleges facts, not refuted by the record in the underlying criminal case, which entitle him to relief under Rule 29.15, and respectfully requests a hearing on the motion with findings of fact and conclusions of law deciding the issues presented.

Counsel's statement shows that she reviewed the file and the transcript, consulted with Douglas and determined that no additional meritorious or colorable claims existed. The statement shows that counsel complied with the dictates of Rule 29.15(e). *See State v. Strauss*, 893 S.W.2d 890, 894 (Mo.App.1995). The fact that the motion court held that there were no cognizable claims necessitating a hearing does not change this result. Counsel's affidavit states that she was not aware of the existence of any other colorable claims.

■ Douglas, in his brief, makes the claim that he was entitled to representation that provided effective assistance and cites an Arizona case, *State v. Krum*, 182 Ariz. 108, 893 P.2d 759 (App.1995), in support of this assertion. Missouri law does not, however, support Douglas's contention. In fact, claims of ineffective assistance of post-conviction counsel have been held by the Missouri Supreme Court to be "categorically unreviewable." *State v. Hunter*, 840 S.W.2d 850,

871 (Mo. banc 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3047, 125 L.Ed.2d 732 (1993).

The judgment of the trial court is affirmed. The order of the motion court is affirmed.

All concur.